UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR J., III,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:25-CV-2639-DWC

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION DENYING BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a legally sufficient reason for finding Dr. Toby Sinton, M.D.'s opinions unpersuasive. Had the ALJ properly considered Dr. Sinton's opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I. Factual and Procedural History

On July 14 2021, Plaintiff filed an application for DIB, alleging disability beginning April 4, 2018. *See* Dkt. 10, Administrative Record ("AR") 17. The application was denied on initial administrative review and reconsideration. *See* AR 17. A hearing was held before ALJ Marie Palachuk on June 15, 2023. *See* AR 38-79. The ALJ determined Plaintiff was not disabled. AR 17-37. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. *See* AR 2613-20; *Arthur J. v. Comm'r of Social Security*, 2:23-CV-1773-RSM (W.D. Wash.).

On remand, Plaintiff amended his alleged onset date to January 1, 2020. AR 2855. ALJ Stewart Stallings held an administrative hearing and issued a second decision finding Plaintiff not disabled. AR 2523-35, 2544-79. Plaintiff did not file exceptions with the Appeals Council, making ALJ Stallings' August 29, 2025 decision the final decision of the Commissioner. AR 2523-35. Plaintiff now appeals ALJ Stallings' decision finding Plaintiff not disabled.[2]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider Plaintiff's allegations (subjective symptom testimony) about the impact of his impairments on his functioning; and (2) weigh the medical opinion evidence. Dkt. 15, p. 1. Plaintiff requests the Court remand this case for an award of benefits. *Id*.

---

[2] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to the ALJ Stallings' August 29, 2025 decision.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

### A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in finding Dr. Toby Sinton, M.D.'s opinion unpersuasive. Dkt. 15. The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's

"supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

i. Dr. Sinton's Opinion

Dr. Sinton wrote six letters between April 2017 and February 2019 regarding Plaintiff's ability to work. AR 1428-34. In April of 2017, Dr. Sinton stated Plaintiff meets the clinical criteria for a fibromyalgia diagnosis. *See* AR 1432. He recommended Plaintiff be limited to sedentary work and opined that Plaintiff's current work was making his fibromyalgia worse and sedentary work would allow Plaintiff to miss fewer days of work due to his underlying condition. *Id*. In July 2017, Dr. Sinton advised that Plaintiff is best suited for a job that does not require moderate to significant manual labor. AR 1430-31. By 2018, Dr. Sinton found Plaintiff will miss work if he is required to do overly taxing physical labor. AR 1429. In March of 2018, Dr. Sinton wrote a letter stating Plaintiff had been diagnosed with fibromyalgia and chronic lower back pain. AR 1433. He opined Plaintiff would need employment that was much less physical in nature. AR 1434. Finally, in February 2019, Dr. Sinton stated that he strongly urges the work Plaintiff does to be sedentary in nature and not physically active or strenuous. AR 1428.

On January 27, 2025, Dr. Sinton completed a Fibromyalgia and Chronic Pain Medical Source Statement regarding Plaintiff's abilities. AR 2858-64. Dr. Sinton stated Plaintiff meets the 1990 American College of Rheumatology classification for fibromyalgia. AR 2858. Dr. Sinton outlined Plaintiff's symptoms, tender points, and treatments. AR 2858-60. He found Plaintiff's fibromyalgia can be expected to last at least twelve months. AR 2860. Dr. Sinton opined Plaintiff did not have the stamina and endurance to work an easy job 8 hours per day, 5 days per week. AR 2860. Dr. Sinton did not answer several questions but did write "Cannot work!" AR 2861-62. He noted Plaintiff had significant limitations with reaching, handling or fingering and would by off-task more than 25% of typical workday due to his symptoms. AR 2862. He found Plaintiff to be incapable of tolerating even "low stress" work. *Id*. Dr. Sinton stated Plaintiff is experiencing an ongoing series of bad days and would be expected to be absent more than four days per month as a result of his impairments or treatment. *Id*.

ii. ALJ Decision and Analysis

The ALJ found Dr. Sinton's January 2025 opinion unpersuasive, lacking in both support and consistency, because (1) the opinion was a legal finding regarding disability, (2) Dr. Sinton did not provide substantial support or analysis for the limitations, (3) the totality of the record is not consistent with Dr. Sinton's opinion; and (4) the opined limitations are not congruent with Plaintiff's own recitation of what he is able to do. AR 2533.

First, the ALJ found Dr. Sinton's opinion unpersuasive because the opinion was a determination or decision of disability. AR 2533. While unclear, it appears the ALJ is referencing Dr. Sinton's opinion that Plaintiff "Cannot work!" *See* AR 2862; *see also* Dkt. 17 (Defendant's brief). The Ninth Circuit has determined a doctor's statement that a claimant "would be 'unlikely' to work full time" was not a finding on an issue reserved to the

Commissioner, and was "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original). In *Hill*, the Ninth Circuit concluded the ALJ's failure to discuss the doctor's statement was harmful. *Id*. Here, in his opinion, Dr. Sinton noted Plaintiff did not have the stamina and endurance to work an easy job eight hours per day, five days per week. AR 2860. While continuing to fill out the remainder of the questionnaire, Dr. Sinton noted that Plaintiff could not work in response to questions related to how long Plaintiff's leg should be elevated during the workday. AR 2862. The Court finds Dr. Sinton's opinion was an assessment, based on the medical evidence and his treatment history with Plaintiff, regarding the *likelihood* of Plaintiff being able to sustain fulltime employment. Therefore, viewing the record as a whole, Dr. Sinton's opinion that Plaintiff could not work is not a finding on an issue reserved for the Commissioner that the ALJ could ignore. Therefore, the ALJ erred in finding Dr. Sinton's opinion not persuasive because it was an opinion reserved for the Commissioner.

Second, the ALJ found Dr. Sinton's opinion was unpersuasive because Dr. Sinton did not provide substantial support or analysis for the opined limitations. AR 2533. Specifically, the ALJ stated, "Dr. Sinton simply stated the claimant had pain and fatigue and therefore had physical limitations." AR 2533. However, a review of Dr. Sinton's opinion shows that Dr. Sinton noted Plaintiff had a history of widespread pain lasting more than three months, 11 of 18 specific tender points, muscle pain, dizziness, insomnia, pain in upper abdomen, ringing in ears, fatigue, anxiety disorder, numbness or tingling, heartburn, gastroesophageal reflux disorder, restless leg syndrome, impaired memory, nervousness, and depression. AR 2858, 2864. He also noted Plaintiff suffered from periodic limb movement disorder. AR 2859. He noted the location of Plaintiff's tender points. AR 2860, 2864. The Court finds the ALJ did not adequately represent

the record and Dr. Sinton's opinion includes more support than simply noting Plaintiff had pain and fatigue. Therefore, the ALJ's second reason for finding Dr. Sinton's opinion not persuasive is not legally sufficient.

Third, the ALJ found the totality of the record is not consistent with Dr. Sinton's opinion. AR 2533. The ALJ stated that "review of the totality of the record is not consistent with Dr. Sinton's extreme position. Other medical evidence does not agree with these extreme limitations[.]" AR 2533. The ALJ's third finding is conclusory. The ALJ does not explain what "other medical evidence" does not agree with Dr. Sinton's limitations. Moreover, the ALJ did not provide any discussion explaining how the alleged findings in the "totality of the record" were inconsistent with Dr. Sinton's findings. Rather, the ALJ simply makes a conclusory finding that the other medical evidence and the record as a whole is inconsistent with Dr. Sinton's opinion. These conclusory findings do not meet the level of specificity required for this Court to meaningfully review the ALJ's decision and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Finally, the ALJ determined Dr. Sinton's opinion was not persuasive because his opined limitations were not consistent with Plaintiff's level of activity. AR 2533. The ALJ found the limitations "appear to be incongruent with the claimant's own recitation of what he is able to do,

including lifting and carrying, walking extended distances, and completing household and self-care tasks." *Id*. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, Plaintiff testified that he can only be on his feet 45 minutes at a time. AR 2554. He states he has good days and bad days with fibromyalgia attacks. *Id*. He states he has about four bad days a month but those bad days trickle into other days – so one bad day could cause him two to three additional days. *Id*. Plaintiff testified he could sit for 45 minutes to an hour and a half, if he pushes it, and stand for 30 minutes. AR 2557. Before 2023, Plaintiff was able to lift 20 to 30 pounds and could walk for up to 30 minutes. AR 2558-59. In an Adult Function Report from March of 2022, Plaintiff stated that from the time he wakes until he goes to bed his activities are brushing his teeth, taking vitamins, watering plants, and reading. AR 277. Plaintiff states he only cooks once a week, he does laundry once every two or three months, and he does not clean much. AR 278, 2554.

The ALJ did not provide specific citations to his assertions that Dr. Sinton's opinion was incongruent with Plaintiff's own statements about his ability to lift and carry, walk extended distances and complete household and self-care tasks. AR 2533. From a review of the record, as explained above, it is unclear how Dr. Sinton's opinion is inconsistent with Plaintiff's testimony. Rather, it seems both Dr. Sinton and Plaintiff described limitations that would preclude work. The ALJ did not clearly articulate how Plaintiff's described limitations are inconsistent with Dr. Sinton's opinion. Accordingly, the ALJ's fourth reason for finding Dr. Sinton's opinion unpersuasive is not legally sufficient.

Importantly, the Court notes the ALJ's decision is silent regarding Dr. Sinton's letters that opined Plaintiff should be limited to sedentary work. *See* AR 1428-34. The ALJ "need not

discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. While Dr. Sinton provided more severe restrictions in the January 2025 opinion, the limitations opined to in the 2017-2019 letters are more restrictive than the residual functional capacity ("RFC"). In the RFC, the ALJ found Plaintiff could perform light work with limitations. AR 2529. As Dr. Sinton's letters related to Plaintiff's ability to work, the Court finds the ALJ erred by failing to discuss Dr. Sinton's 2017-2019 letters.

For the above stated reasons, the ALJ failed to provide a legally sufficient reason for finding Dr. Sinton's opinion not persuasive. Therefore, the ALJ erred.

*iii. Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties'

'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered Dr. Sinton's opinion, he may have included additional limitations in the RFC or found Plaintiff unable to work. The ultimate disability determination would change if Dr. Sinton's opined limitations were included in the RFC and considered throughout the remaining steps of the sequential evaluation process. If the ALJ had considered Dr. Sinton's 2017-2019 letters, the RFC may have limited Plaintiff to sedentary work and the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal.

B. *Subjective Symptom Testimony*

Plaintiff alleges the ALJ failed to provide legally sufficient reasons to discount Plaintiff's subjective symptom testimony. Dkt. 15 at 2-11. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. On remand, Plaintiff may be able to present new evidence and new testimony and the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony. Therefore, on remand, the ALJ must reconsider Plaintiff's testimony.

C. *Remand for Further Proceedings*

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 15 at 16-17. Defendant maintains there are conflicts in the evidence which must be resolved on remand. Dkt. 17 at 17-18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate the medical opinion evidence and Plaintiff's subjective symptom testimony and finds issues remain which must be resolved concerning Plaintiff's functional capabilities. Therefore, remand for further administrative proceedings is appropriate.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 30th day of July, 2026.

David W. Christel
United States Magistrate Judge